CAWTHON, Senior Judge.
Brown appeals, and the state cross appeals, Brown’s judgment of conviction and sentence for attempted first-degree murder and carrying a concealed firearm. Brown has raised four points on appeal, only one of which has merit and requires reversal and remand for a new trial.[1]
*300 Appellant argues that the trial court abused its discretion in denying his “Neil ” challenge[2] to the state’s peremptory strike of a prospective black juror. It was placed into the record during the court’s inquiry into the challenge that the juror, appellant’s counsel, appellant and the victim were all black, and that the venire had only three black members. The prosecutor then stated for the record:
I at this point exercised a peremptory challenge against Ms. Robinson for one reason and one reason only. The reason for that was that I wanted to get to Mr. Yates. I believe, if my memory does not fail me, his wife works for the Florida Highway Patrol, a member of the NRA, and I think that he would be more sympathetic to the State of Florida than perhaps Ms. Robinson would. That’s why I bumped Ms. Robinson to get to another juror. I bumped A to get to B. Okay?
After argument of counsel, the court found the exercise of the challenge against Robinson to be “race neutral, reasonable and also non-pretextual.” In so finding, we hold the trial court abused its discretion.
It is settled that although “[eliminating one juror in order to reach another is a legitimate basis for exercising a peremptory challenge,” Kibler v. State, 546 So.2d 710, 714 (Fla.1989), “in the context of Neil it would be incumbent on the prosecutor to give nonracial reasons for having challenged the black jurors rather than the white jurors in his effort to make room for the new persons he sought to have join the panel.” Id. Accordingly, in Alen v. State, 596 So.2d 1083 (Fla. 3d DCA 1992), the Third District concluded. that the state’s use of an ethnically motivated strike against a juror was constitutionally forbidden “even though it was done to reach another Hispanic juror who ultimately served as an alternate.” Id. at 1085. In a well-reasoned concurring opinion, Judge Hubbert, referring to Kibler, agreed that the court “quite properly” concluded “that this peremptory challenge was ‘ethnically motivated’ ” and therefore forbidden. Id. at 1088, n. 9. Judge Hubbert viewed the reason given as being based on subjective impressions and factors which “could otherwise be used as a subterfuge to mask discriminatory motives [footnote omitted].” Id. at 1088. We agree whole-heartedly with this view and embrace Judge Hubbert’s analysis of an evolution in the law since Neil that will ultimately “sound the death knell for the peremptory challenge system as we know it.” Id. at 1086.
Based on the foregoing, there having been offered no legitimate race-neutral reason for the peremptory strike of juror Robinson personally, we conclude that the peremptory challenge herein was racially motivated and therefore constitutionally forbidden. For that reason, we must reverse Brown’s conviction and direct that he be awarded a new trial.
ERVIN and WOLF, JJ., concur.

. For that reason, we need not reach the state’s cross appeal challenging the sentence imposed as being an improper downward departure from the guidelines recommended sentence.

. State v. Neil, 457 So.2d 481 (Fla.1984).